HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERISIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> XYZ.com, LLC, and DANIEL NEGARI, <br><br> Defendants. | Case No. 2:15-cv-00871-TSZ <br><br> Subpoena Relating to Civil Action No. 1:14-CV-01749 (Pending in United States District Court for the Eastern District of Virginia) <br><br> **NONPARTY DONUTS INC.'S OPPOSITION TO VERISIGN'S MOTION FOR RECONSIDERATION AND RENEWED MOTION FOR RULING ON DEFERRED ISSUES RAISED IN ITS MOTION TO QUASH** <br><br> **ORAL ARGUMENT REQUESTED** |

Donuts Inc.'s Opposition to Motion for Reconsideration

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................1

    A. Verisign Fails to Meet the Standard Applicable to Motions for Reconsideration..................................................................................................1

    B. The Court Should Grant Donuts' Motion to Quash on the Deferred Issues ...................4

III. CONCLUSION...............................................................................................................6

Donuts Inc.'s Opposition to Motion for Reconsideration – i

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

Nonparty Donuts Inc. ("Donuts") respectfully asks the Court to deny Verisign, Inc.'s ("Verisign") Motion for Reconsideration. The only basis Verisign asserts for reconsideration is the discovery of allegedly "new facts" in the form of one e-mail string. But the communications in that e-mail are plainly irrelevant to Verisign's claims and provide no basis for the Court to revisit its prior decision quashing in part Verisign's subpoena to Donuts.

Additionally, Donuts respectfully requests that the Court use this opportunity to rule on the deferred issues left open in the Court's previous order. Specifically, Donuts asks that the Court quash the portions of Verisign's subpoena seeking communications between Donuts and Defendants in the underlying matter because Verisign now acknowledges that it has received these same communications *from Defendants* in the underlying matter and has withdrawn its motion in the Eastern District of Virginia to compel production of these same documents. This reinforces Donuts' overarching basis for its Motion to Quash, *i.e.*, that a third party should not be burdened by discovery of information available through discovery (and in this instance already produced) in the underlying litigation.

Donuts therefore asks that Verisign's Motion for Reconsideration be denied and this matter in all other respects be closed.

## II. ARGUMENT

**A.  Verisign Fails to Meet the Standard Applicable to Motions for Reconsideration**

Motions for reconsideration are disfavored and will ordinarily be denied unless there was a manifest error in the prior ruling or new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. LCR 7(h). Verisign does not contend that the Court committed manifest error or that Verisign discovered new legal authority bearing on the Court's prior ruling. Mot. to Reconsider at 2. Instead, Verisign's sole basis for seeking reconsideration is its discovery of purported "new facts" since the Court's ruling. *See id.*

Donuts Inc.'s Opposition to Motion for
Reconsideration – 1

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

But the supposedly "new" facts consist of a single e-mail string that occurred well after the commencement of the underlying litigation and that has no bearing on the Court's order quashing in part Verisign's subpoena.

By way of background, Verisign's subpoena that was the subject of the Court's June 15, 2015 Order sought Donuts' internal documents relating to a National Public Radio ("NPR") interview that aired in April 2014 in which one of Donuts' employees, Daniel Schindler, spoke exclusively about Donuts' business model and **not** about Verisign, the .COM top-level domain, or the availability of domain names in the .COM top-level domain. After full briefing, this Court correctly held that "VeriSign, Inc. has made no showing that the materials sought are nonprivileged and either relevant or 'reasonably calculated to lead to the discovery of admissible evidence.'" Order at ¶ 2(a) (citation omitted). Indeed, as described at length in Donuts' Reply Motion (Dkt. 9 at 4-5, 11-13), Verisign's stated rationales as to why Donuts' internal documents are relevant have continued to change. They have changed from the non-existent (when Verisign could provide no rationale during the meet and confer), *id.* at 11, to the speculative and unsupported (when Verisign asserted that Donuts "likely . . . vetted [Negari's] speaking points" prior to the NPR interview), *id.*, to the truly incoherent (when Verisign asserted that Donuts' internal documents would shed light on "whether and to what extent XYZ influenced or caused *Donuts' publication* of these falsehoods," *id.* (citation omitted) (emphasis added).

Now, Verisign burdens this Court with yet another reason as to why Donuts' internal documents are relevant: because the email string shows that there *must* be internal Donuts documents that "provide unique evidence of Negari's state of mind" at the time that Negari made "false statements" about Verisign and the .COM top-level domain. Mot. to Reconsider at 4. But contrary to the stated rationale in the Reconsideration Motion, the e-mail string is not relevant either to the Court's order or to additional discovery being sought for three critical reasons.

- *First*, the e-mail has nothing to do with the object of the subpoena request itself, namely the NPR interview. Rather, the e-mail, which was produced by the

Donuts Inc.'s Opposition to Motion for Reconsideration – 2

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

  underlying Defendant XYZ, concerns not the NPR interview but the litigation itself.

- *Second*, the e-mail exchange took place in March 2015, almost a year after the NPR interview with Negari aired in April 2014, and months after the litigation commenced.  Thus, contrary to Verisign's contentions, the e-mail cannot be relevant to "Negari's state of mind at the time of his false representations [at the NPR interview], including whether Negari knew that the statements were false when he made them."  Mot. to Reconsider at 2.  It goes without saying that a communication that occurred over a year after an interview does not reflect the interviewee's contemporaneous state of mind during that interview.

- *Third*, Mr. Negari exchanged this e-mail with Mr. Stahura, not with Mr. Schindler.  This discrepancy is important.  Mr. Schindler is the Donuts employee who participated in the NPR interview and about whom Verisign is seeking discovery through its subpoena to Donuts, not Mr. Stahura.  *See* Verisign's Opposition to Donuts' Motion to Quash, Dkt. 7 at 8-9 (Verisign claiming it needs documents from Donuts because "[g]iven Schindler's position in the industry and involvement in the radio program, his communications regarding Negari's statements may provide valuable insight into Negari's intent . . . .").  Even assuming, *arguendo*, that Verisign's claim that Mr. Schindler's email communications somehow shed light on Mr. Negari's intent, *see id.* (which itself strains credulity), it would not follow that the discovery of a single e-mail sent by Mr. Stahura, unrelated to and so long after the NPR interview, somehow means there must be communications by Mr. Schindler about the NPR interview or the availability of .COM domain names.  Verisign's argument simply makes no sense.

Donuts Inc.'s Opposition to Motion for Reconsideration  – 3

77257-0072/LEGAL126910419.1

Lacking a sound basis for its assertion that the e-mail is relevant to requests stated in its subpoena, Verisign instead presents an extreme and baseless conspiracy theory, *i.e.*: that the e-mail shows that Donuts and Defendants are working in concert to obstruct Verisign's discovery efforts—discovery efforts subjected to motions already decided on the merits by Courts in two federal districts. Mot. to Reconsider at 1. Verisign presents no evidence of Donuts' (a) intent to obstruct discovery, or (b) ability to do that. Verisign's suggestion is based on a tortured characterization of the single e-mail exchange that on its face reflects banter between two people in the same industry making a facetious remark regarding what Mr. Stahura views as a baseless lawsuit.

Moreover, Mr. Stahura's personal view in March 2015 on the lack of merit in Verisign's lawsuit is far afield from any relevance to a third party subpoena demanding documents about an interview that took place a year prior. The bottom line is this: Donuts (and anyone for that matter) is allowed to opine on what it views as a meritless lawsuit. Doing so should not expose these third parties to baseless subpoenas issued for an invalid purpose (*i.e.*, to double check the completeness of a party's document productions).

And finally, the topic of any personal views provided by Mr. Stahura to Mr. Negari about why he believed Verisign's lawsuit lacked merit is unrelated to Verisign's unsupported accusation that Donuts is ignoring or working to subvert anyone's discovery obligations—either its own (in the form of this Court's June 15 Order), or those of Defendants in the underlying suit.

In sum, Verisign fails to demonstrate any "new facts" warranting reconsideration of the Court's order granting in part Donuts' motion to quash the subpoena. The e-mail is neither relevant to the underlying litigation nor evidence of a nonexistent, secret conspiracy in the underlying litigation. Mot. to Reconsider at 4. The Court should deny Verisign's Motion for Reconsideration.

Donuts Inc.'s Opposition to Motion for Reconsideration – 4

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

B.     **The Court Should Grant Donuts' Motion to Quash on the Deferred Issues**

The Court previously deferred ruling on the portions of the subpoena seeking communications between Defendants and Donuts until resolution of two discovery motions pending in the Eastern District of Virginia.  Minute Order at ¶ (2)(c).  Both motions have been resolved since entry of the Court's order.  *See VeriSign, Inc. v. XYZ.COM LLC*, No. 1:14-CV-01749 (E.D. Va.), ECF Nos. 79-81.  Regarding the first motion, Verisign received production from Defendants on the same subject matter for which it seeks discovery from Donuts and consequently withdrew its motion to compel.  *See id.*, ECF Nos. 80, 81; Mot. to Reconsider at 2 n.2, 5.  Regarding the second motion, the Eastern District of Virginia granted XYZ's motion to compel in part and ordered Verisign to produce responsive documents within three weeks of the order.  *See id.*, ECF Nos. 79, 81.

Having received the documents it seeks from Defendants (after apparently dragging its feet with respect to its own discovery obligations), Verisign still seeks to burden Donuts by asking for duplicative information already in its possession.  Verisign claims it is "concerned" that XYZ's production is deficient, but Verisign appears to have consistently misrepresented the state of discovery in the underlying litigation and attempted to paint Defendants as bad actors who are willfully flouting their discovery obligations and refusing to produce documents at every turn.  *E.g.*, Verisign, Inc.'s Motion to Transfer Donuts Inc.'s Motion to Quash, Dkt. 7 at 5. This portrayal has proven to be false as Defendants apparently have complied with their discovery obligations and produced substantial volumes of responsive documents—a fact that even Verisign admits.  Mot. to Reconsider at 2 n.2, 5. And Verisign's claims about Defendants' purported discovery deficiencies are simply not credible in light of the fact that Verisign has itself failed in its own discovery obligations resulting in the Virginia court ordering Verisign to produce documents on a rolling basis in response to a motion to compel brought by Defendants.

Because Verisign can no longer credibly complain that Defendants are not producing documents, instead, Verisign raises an irrelevant issue regarding Negari's purportedly "evasive"

Donuts Inc.'s Opposition to Motion for
Reconsideration  – 5

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

answers during a deposition. Mot. to Reconsider at 5. But Verisign does not claim that the questions and answers related to the topic of Mr. Negari's communications with Donuts (in fact, the excerpted hearing transcript attached as Exhibit 2 to DePalma's Affidavit suggests otherwise). And Verisign does not explain how Mr. Negari's deposition bears on nonparty Donuts' discovery obligations.

Ultimately, Verisign offers no justification as to why Donuts should be burdened in producing duplicative information. And as Donuts argued in its opening Motion to Quash and Reply, Federal Rule of Civil Procedure 45 does not allow a party to compel production from a nonparty to "double check" the completeness of another party's production. Donuts respectfully asks the Court to rule on the deferred issues and grant Donuts' motion to quash those portions of the subpoena seeking information duplicative of that sought, and at this point, obtained from Defendants in the underlying litigation.

## III.   CONCLUSION

For the foregoing reasons, Donuts respectfully requests that the Court deny Verisign's motion for reconsideration and grant Donuts' motion to quash on the deferred issues.

DATED:  July 20, 2015.

*s/Thomas L. Boeder*
Thomas L. Boeder, WSBA #408
TBoeder@perkinscoie.com
Elvira Castillo, WSBA #43893
ECastillo@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Nonparty Donuts Inc.

Donuts Inc.'s Opposition to Motion for Reconsideration – 6

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

Elvira Castillo certifies and states:

I certify that on July 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and caused said document to be served on the attorneys of record listed below by regular U.S. mail, postage prepaid:

Jenny A. Durkan
Quinn Emanuel Urquhart & Sullivan LLP
600 University Street, Suite 2800
Seattle, WA  98101

David M. Orta
Mike Bonnano
Quinn Emanuel Urquhart & Sullivan LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001

Counsel to Plaintiff Verisign, Inc.

Derek A. Newman
Derek Linke
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121

Counsel to Defendants XYZ.COM, LLC and Daniel Negari

I declare under penalty of perjury under the laws of the United States of America and of the state of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington on July 20, 2015.

*s/ Elvira Castillo*, WSBA No. 43893
Attorneys for Non-party Donuts Inc.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: ECastillo@perkinscoie.com

Donuts Inc.'s Opposition to Motion for Reconsideration  – 7

77257-0072/LEGAL126910419.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000